UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| PETERS BROADCAST ENGINEERING, INC. | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Cause No. 1:21-CV-00219-HAB-SLC |
| PEM CONSULTING GROUP. LLC., *et al.*, | ) ) ) ) ) |
| Defendants. | ) |

**OPINION AND ORDER ADOPTING THE MAGISTRATE
JUDGE'S FINDINGS AND REPORT AND RECOMMENDATION**

Peters Broadcast Engineering, Inc., ("PBE") filed this seven count lawsuit against PEM Consulting Group, LLC (PEM), Pyramid Consultants and Construction, LLC. ("Pyramid"), Phillip E. Miller, and two insurers, Chesapeake Insurance ("Chesapeake") and Atlantic Casualty Insurance Company ("Atlantic"). With respect to the insurers, Count VII seeks a declaratory judgment obligating the insurers to provide insurance coverage for the amounts PBE contends are owed to it by PEM, Pyramid, and Miller in Counts 1 through VI of the complaint. (ECF No. 2). Chesapeake moved to dismiss PBE's claims against it in Count VII asserting lack of personal jurisdiction and failure to state a claim for relief. (ECF No. 48). The parties fully briefed the motion (ECF Nos. 49, 53, and 56).

On December 21, 2022, the undersigned referred these motions to the Magistrate Judge to issue a Report and Recommendation (R & R). (ECF No. 81). On April 3, 2023, the Magistrate Judge entered her R & R (ECF No. 86), recommending that Chesapeake's Motion to Dismiss be GRANTED and that PBE be given leave to file an amended complaint. The parties were advised

of the 14-day objection period under Fed. R. Civ. P. 72(b). That deadline has passed without any objections filed by the parties.

## DISCUSSION

A district court may assign dispositive[1] matters to a magistrate judge, in which case the magistrate judge may submit to the district judge only a report and recommended disposition, including any findings of fact. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). *See also Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 760 (7th Cir. 2009). The magistrate judge's recommendation on a dispositive matter is not a final order, and the district judge makes the ultimate decision to "accept, reject, or modify" the findings and recommendations, and the district court need not accept any portion as binding. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). *See also Schur*, 577 F.3d at 760-61.

After a magistrate judge makes a report and recommendation, either party may object within fourteen days of being served with a copy of the same. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). When a party raises specific objections to findings and recommendations made within the magistrate judge's report, the district court is required to review those objections *de novo*, determining for itself whether the magistrate judge's decisions as to those issues are supported by substantial evidence or were the result of an error of law. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). *See also Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The court may, however, defer to those conclusions to which timely objections have not been raised by a

---

[1] Whether a matter is dispositive or non-dispositive is determined by reference to 28 U.S.C. § 636(b)(1)(A), which gives magistrate judges the power "to hear and determine any pretrial matter" with certain exceptions. *See Adkins v. Mid-Am. Growers, Inc.*, 143 F.R.D. 171, 176 (N.D. Ill. 1992) ("'Dispositive' is merely a term used to describe the motions listed in subsection 636(b)(1)(A) ....").

party. *Schur*, 577 F.3d at 760-61. "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson*, 170 F.3d at 739.

As recounted above, the parties have not objected to the recommended disposition of the pending motions and, for good reason. The Magistrate Judge issued a detailed decision resolving Chesapeake's motion and addressing all the arguments raised by the parties. The Magistrate Judge engaged in a thorough discussion of the relevant law, the jurisdictional issues asserted, and whether Count VII stated a claim for relief. The court has reviewed the record in this case and finds that the R & R is not clearly erroneous. Accordingly, the Court adopts in its entirety Magistrate Judge Collins' recommended dispositions of the motion.

## CONCLUSION

The Report and Recommendation (ECF No. 86) is ADOPTED IN ITS ENTIRETY. Chesapeake's Motion to Dismiss Count VII is GRANTED (ECF No. 48). PBE is GRANTED leave to file an amended complaint by May 16, 2023.

SO ORDERED on April 25, 2023.

                                       s/ Holly A. Brady
                                       JUDGE HOLLY A. BRADY
                                       UNITED STATES DISTRICT COURT